IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

MARTIN JOHN LUTHER GRIFFIN,
       Plaintiff,

v.                                            Civil Action No. 3:17-CV-89
                                            (GROH)

PIERRE LECONTE, Acting Residential
Reentry Manager, EMILY GILLESPIE,
Director of Dismas Charities, and
DISMAS CHARITIES, Residential
Reentry Center,
       Defendants.

## REPORT AND RECOMMENDATION

### I. Introduction

On July 27, 2017, the *pro se* Plaintiff, who was then a federal prisoner incarcerated at West Virginia's Central Regional Jail, initiated this case by filing an action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), claiming a due process violation, unspecified "discrimination", and a violation of his Eighth Amendment rights. ECF No. 1. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### II. FACTUAL AND PROCEDURAL HISTORY

**A. Underlying Criminal Conviction in the Northern District of West Virginia case number 1:13-CR-72.**

On September 4, 2013, Plaintiff was indicted in the Northern District of West Virginia in a three-count indictment charging him with three counts of distribution of

1

heroin within 1000 feet of a protected location. ECF No. 1[1]. On November 14, 2013, pursuant to a plea agreement, Plaintiff entered a guilty plea to distribution of heroin, a lesser included offense of Count 1, in exchange for cooperation with the Government, and dismissal of the remaining counts of the indictment. ECF No. 23. On March 26, 2014, the District Court sentenced Plaintiff to 30 months of incarceration, with credit for time served since March 24, 2014, followed by three years of supervised release. ECF No. 37. On April 8, 2016, the Court modified the conditions or term or supervision and ordered Plaintiff to be "placed at Dismas Charities in Clarksburg, West Virginia for 6 months. . . until successfully discharged." ECF No. 42 at 1. Plaintiff's supervised release began on May 24, 2016. ECF No. 49. On November 4, 2016, an arrest warrant was issued for Plaintiff based on a supervised release violation petition. ECF Nos. 51, 52. On November 22, 2016, the Court revoked Plaintiff's supervised release and ordered him to be imprisoned for 12 months, with credit for time served from November 4, 2016. ECF No. 66.

On November 23, 2016, Plaintiff appealed the Court's November 22, 2016 judgment. ECF No. 68. On April 10, 2017, the Court of Appeals for the Fourth Circuit affirmed the district court's judgment. ECF No. 78. According to the Bureau of Prisons website, Plaintiff was released from BOP custody on November 3, 2017.

**B.  The Instant Complaint in 3:17-CV-89.**

Plaintiff filed the instant complaint on July 27, 2017, while serving the 12-month sentence imposed by the Court on November 22, 2016. The complaint alleges three grounds for relief: (1) "Violation of due process"; (2) "Discrimination"; and (3) "Eighth Amendment". ECF No. 1 at 7 – 8. On the same date, Plaintiff filed a motion to proceed

---

[1] In this section, II.A., all ECF numbers referred to are for case number 1:13-CR-72.

without prepayment of fees, and his Prisoner Trust Account Report. ECF Nos. 2, 3. On August 30, 2017, the Court entered an order directing Plaintiff to file ledger sheets. ECF No. 5. On September 8, 2017, the Fiscal Clerk at the Central Regional Jail filed a letter in response to the Court's August 30, 2017, order which advised that Plaintiff was not incarcerated in that facility until July 10, 2017 and provided records for that time period. ECF No. 6.

### III. Standard of Review

A.     Pro Se Litigants.

Because Petitioner is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon,

---

[2] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

>>baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

490 U.S. at 327.

### IV. Analysis

**A.    Improperly Named Defendants**

Pursuant to Bivens, a federal agent may be found liable for actions "in excess of the authority delegated to him." 403 U.S. at 397. "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001). The Supreme Court further explained in Malesko:

>>If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual.

534 U.S. at 72. However, a Bivens cause of action cannot be brought against an individual actor who is not a federal employee or agent, and specific allegations must be brought against each named actor. Further, in a Bivens case, the Plaintiff must specify the acts taken by each defendant which violate his Constitutional rights. Wright v. Smith, 21 F.3d 496, 501 (2nd Cir. 1994); See Colburn v. Upper Darby Township, 838

4

F.2d 663, 666 (3rd Cir. 1988) ("section 1983 claims[3] [have] the additional pleading requirement that the 'complaint contain a modicum of factual specificity identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs'"). Nor may a Bivens action be brought against a federal agency. FDIC v. Meyer, 510 U.S. 471, 486 (1994). Plaintiff has named as defendants two individuals, Pierre Leconte and Emily Gillispie, and one agency, Dismas Charities.

Pierre LeConte is identified as a federal employee, the Acting Residential Reentry Manager at the Federal Bureau of Prisons Baltimore Residential Reentry Office. ECF No. 1 at 2. Consistent with the requirements of Malesko, Mr. LeConte is an individual actor who is also a federal agent. However, the only supporting fact listed by Plaintiff regarding his claim against Mr. LeConte is that "Dismas Charities Director Emily Gillispie violated my due process rights by subpoen[a]ing Pierre Leconte acting residential Reentry Manager to have [m]e removed from the program and moved to Central Regional Jail." ECF No. 1 at 7 – 8. Plaintiff lists no actions of Mr. LeConte which allegedly violated any of his rights. Because Mr. LeConte is not alleged to have committed any violation of Plaintiff's Constitutional rights, other than being the subject of a subpoena, Mr. LeConte is improperly named as a defendant in a Bivens actions and must be dismissed.

Emily Gillispie is identified by Plaintiff as the Director of Dismas Charities. ECF No. 1 at 2. According to its website, Dismas Charities was founded in 1964, is headquartered in Louisville, Kentucky, and is a not-for-profit provide which "operates 33 state and federal residential re-entry centers and support offices in 14 states."

---

[3] The Court notes that Bivens actions and § 1983 actions are both civil rights actions, and that Bivens actions regarding deprivation of civil rights are the federal counterpart to state actions authorized by 42 U.S.C. § 1983.

Employees of Dismas Charities are not federal employees or federal agents. (www.dismas.com/about/). Thus, Emily Gillispie is improperly named as a defendant in a Bivens action and must be dismissed.

Dismas Charities is identified by Plaintiff as a defendant because the agency "house[s] Federal Inmates through the Bureau of Prisons." ECF No. 1 at 3. Dismas Charities is not a federal agency, but even if it were, federal agencies are not proper defendants in Bivens actions. Accordingly, Dismas Charities is not a proper defendant in a Bivens actions and must be dismissed.

None of the defendants named by Plaintiff are proper defendants, and accordingly, his entire complaint must be dismissed. Furthermore, even if the plaintiff had named a proper defendant, this case must still be dismissed for failure to exhaust administrative remedies.

### B. Failure to Exhaust Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e (a). "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." Porter v. Nussle, 534 U.S. 516, 524 (2002). Thus, exhaustion through administrative remedies is clearly mandated by § 1997(e)(a) prior to seeking relief through suit pursuant to Bivens. Booth v. Churner, 532 U.S. 731, 741 (2001). "[F]ederal prisoners suing under Bivens v. Six Unknown Fed. Narcotics Agents [ ], must first exhaust inmate grievance procedures just as state prisoners must exhaust

administrative processes prior to instituting a § 1983 suit." Porter v. Nussle, 534 U.S. at 524 (internal citation omitted). As recognized in Porter and Booth, exhaustion is a prerequisite to suit, and accordingly, Plaintiff was required to exhaust all available administrative remedies prior to filing his Bivens complaint in federal court.

Moreover, in Woodford v. Ngo, 548 U.S. 81, 93 – 94 (2006) (internal citations omitted), the United States Supreme Court found that the PLRA's exhaustion requirement serves three main purposes: (1) "to eliminate unwarranted federal-court interference with the administration of prisons"; (2) to "affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case"; and (3) to "reduce the quantity and improve the quality of prisoner suits."

Plaintiff concedes there is a prisoner grievance procedure in the institution where the events occurred. ECF No. 1 at 4. Plaintiff further admits that he did not file a grievance concerning the facts relating to his complaint. Id. Plaintiff explains that he did not file a grievance because, "I was not given the chance before being transported to Central Regional Jail where such remedies are not afforded." ECF No. 1 at 4. Plaintiff does not allege that he was prevented from filing a grievance, or seeking any other available administrative remedy, but merely alleges that his transfer occurred before he was able to complete any paperwork necessary to pursue such a remedy.

In Jones v. Bock, 549 U.S. 199, 216 (2007), the United States Supreme Court concluded that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in his complaint." Although the Supreme Court has stated that it "will not read futility or other exceptions into statutory exhaustion requirements," Booth, 532 U.S. at 741, n.6, several courts

7

have found that the mandatory exhaustion requirement may be excused in certain limited circumstances. See Ziemba v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004) (defendant may be estopped from asserting exhaustion as a defense when defendant's actions render grievance procedure unavailable); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (summary dismissal for failure to exhaust not appropriate where prisoner was denied forms necessary to complete administrative exhaustion); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (remedy not available within meaning of § 1997e(a) when prison officials prevent a prisoner from utilizing such remedy); Aceves v. Swanson, 75 F. App'x 295, 296 (5th Cir. 2003) ("If the institutional authorities refuse to provide a prisoner with the forms needed to exhaust administrative remedies, then those remedies are not 'available' to the prisoner.")  Consistent with other Circuits, the Fourth Circuit has held that "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) (citing Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007); Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006)).

Here, Plaintiff does not allege that he was prevented through no fault of his own from availing himself of available remedies, nor does he allege that institutional authorities refused to provide him the forms which were necessary to complete administrative exhaustion. Rather, Plaintiff simply claims that he was transferred before he could file a grievance, or otherwise exhaust his administrative remedies. Additionally, Plaintiff does not suggest that he took any affirmative steps to obtain grievance forms which are available online (www.bop.gov/policy/forms/BP_A0176.pdf)

or that he requested blank forms before his transfer. Accordingly, the undersigned finds that Plaintiff has presented no claim that is substantial and serious enough that would deter a similarly situated prisoner of ordinary fitness from pursuing administrative remedies, and that Petitioner failed to exhaust the available administrative remedies prior to instituting this action.

### V. Recommendation

For the foregoing reasons, the undersigned recommends that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** against Emily Gillispie and Dismas Charities as improper defendants and **DISMISSED WITHOUT PREJUDICE** against Pierre Leconte as an improper defendant against whom no individual violations were alleged, and for failure to exhaust administrative remedies. It is further recommended that Plaintiff's motion to proceed without prepayment of fees [ECF No. 2] be **DENIED AS MOOT**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir.

1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198 (4th Cir 1997).

     This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

     The Clerk of the Court is directed to send a copy of this Order to the Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record via electronic means.

     DATED:    January 2, 2018

                                 /s/ *Robert W. Trumble*
                                 ROBERT W. TRUMBLE
                                 UNITED STATES MAGISTRATE JUDGE